PSM-038                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2643
_____

SHOU YUN JIN,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,

                                                        Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 094-803-216)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 17, 2013

Before:  RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: January 22, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Shou Yun Jin petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Jin, a native of China, entered the United States without inspection in September

2006.  He was charged as removable for entering without a valid entry document.  Jin

conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT), arguing that he had been persecuted in the past under China's family planning policy and that he had a well-founded fear of persecution based on his religion.

After a hearing, an Immigration Judge (IJ) found Jin not credible and denied relief. The IJ observed that Jin's allegations of persecution based on his Catholicism were not supported by the State Department's reports on country conditions and that Jin had not mentioned any raid on his underground church until his merits hearing. The IJ pointed out that Jin's family continued to practice Catholicism in China without problems. Jin appealed to the BIA.

The BIA dismissed the appeal. It noted that Jin did not challenge the IJ's adverse credibility determination and concluded that it was not clearly erroneous. The BIA agreed with the IJ that one incident of a church service being disrupted did not amount to persecution. As for Jin's CAT claim, the BIA determined that he had not made any meaningful arguments on appeal for that relief and had not shown he was entitled to such. Jin filed a petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude that Jin had met his burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In his brief, Jin does not dispute the lack of evidence in support of his family planning claim.

2

He argues that he has demonstrated a well-found fear of future persecution based on his religion.

Jin contends that the IJ's adverse credibility determination was clearly erroneous. However, we do not review the adverse credibility determination for clear error. We must uphold the adverse credibility finding unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005).

In finding Jin not credible, the IJ noted that he had not mentioned his presence at the church raid in any of his previous statements. Jin contends that the IJ ignored corroborating evidence that: (1) Jin's sister was in hiding to avoid arrest for attending the underground church; (2) fellow church members stated that conditions had worsened; and (3) Jin's uncle stated that local cadres wanted to arrest Jin for his participation in the underground church. However, the IJ did discuss this evidence. She noted: (1) Jin's siblings are practicing Catholics and have not had any problems in China; (2) Jin's sister related to him that underground church members were arrested and she ran away for several days; (3) two of Jin's fellow church congregants had advised that their church had been detected by the Chinese government; and (4) Jin's uncle stated that the government wanted to arrest Jin but that the uncle had failed to mention the raid on Jin's church. The IJ stated that there was no evidence that officials sought to arrest Jin at the time of the raid or before he left China a year later. Contrary to Jin's argument, the IJ did not ignore his evidence.

The BIA observed that Jin did not challenge the IJ's adverse credibility finding and stated that it was not persuaded that the adverse credibility finding was erroneous. To the extent that the BIA's statement is sufficient to consider Jin's current challenge to be exhausted, see Lin v. Attorney General, 543 F.3d 114, 123-24 (3d Cir. 2008), Jin has not shown that a reasonable adjudicator would be compelled to find him credible.

The BIA agreed with the IJ that Jin could not meet his burden of proof even if he were credible. Jin argues that the BIA erred in making this determination and cites to the State Department's International Religious Freedom Report on China from 2008. Jin points to a statement that unregistered believers were forced to renounce ordinations approved by the Vatican or face punishments such as fines, loss of jobs, detentions, and their children being barred from school. The Report stated that the officials scrutinize and sometimes harass unregistered religious groups. However, Jin does not explain how this would rise to the level of persecution. See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) ("Abusive treatment and harassment, while always deplorable, may not rise to the level of persecution.") Moreover, the Report indicates that most of the harassment is directed towards underground clergy and bishops. In light of the evidence that Jin lived in China without incident after the church raid in May 2005 until he left China in August 2006, and that his Catholic family members have had no problems, these excerpts from the State Department Reports do not compel a finding that Jin has a well-founded fear of future persecution.

4

Jin also argues that he is entitled to withholding of removal for the same reasons he is entitled to asylum. Because he has not met his burden for asylum, he also has not met the higher standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). Jin further contends that he is entitled to relief under the CAT. He points to a statement in a State Department Report that underground believers were among those held and abused in mental institutions. However, Jin has not shown that the record compels a finding that it is more likely than not that he will be housed in such an institution.

For the above reasons, we will deny the petition for review.